UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAUREL G. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00317-SEB-DML |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case is before the court on the Motion to Dismiss [Dkt. No. 11] filed on April 7, 2017, by Defendant Nancy A. Berryhill, Commissioner of the Social Security Administration ("Commissioner"). Plaintiff Laurel G. Pierce ("Pierce") brought her *pro se* complaint[1] against the Commissioner in an attempt to seek monetary damages for the alleged "financial damage" and "emotional and mental anguish and physical damage" she claims to have suffered during the adjudication of her requests for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Complaint [Dkt. No. 1] at 4. The Commissioner has moved to dismiss Pierce's Complaint for lack of jurisdiction under both 42 U.S.C. § 405(g) and the Federal Tort Claims Act ("FTCA"). For the reasons detailed in this entry, we <u>GRANT</u> the Commissioner's Motion to Dismiss.

---

[1] On June 12, 2017, the Court denied Pierce's Motion for Assistance with Recruiting Counsel [Dkt. No. 16].

1

## Background

In 2006, Pierce sought DIB and SSI, which request was initially denied by the Commissioner. Compl. at ¶¶ 3-4. Pierce sought judicial review of this determination in this Court in 2010, and her case was remanded to the Commissioner pursuant to sentence four deficiencies under 42 U.S.C. § 405(g) in *Pierce v. Comm'r of Social Security*, No. 1:10-cv-01451. Pierce was awarded benefits in 2015. Compl. at ¶ 3.

On March 7, 2016, Pierce brought this action against Carolyn W. Colvin, the then-Acting Commissioner of Social Security, alleging that the nine-year process of obtaining DIB and SSI caused her "unnecessary hardship" and harm to her "emotional and mental health." *Pierce v. Colvin*, No. 1:16-cv-00609, 2016 WL 7373821 at *1 (S. D. Ind. Dec. 20, 2016). She sought monetary damages as compensation for these alleged losses, which purportedly occurred while she was awaiting adjudication of her request for benefits. *Id*.

The Commissioner moved to dismiss the Complaint, asserting that the Court lacked subject matter jurisdiction over Pierce's claims because Congress did not waive sovereign immunity for claims against the Social Security Administration, and, alternatively, because Pierce failed to exhaust her administrative remedies with regard to her claims. *Id*.

In response to the Commissioner's motion, Pierce informed the Court that she had submitted a notice of tort claim to the Commissioner on July 8, 2016, and that the claim was administratively denied on September 23, 2016. *Id*. Therefore, according to Pierce, she has exhausted her administrative remedies. *Id*.

We granted the Commissioner's Motion to Dismiss on December 20, 2016, holding that that Pierce had failed to exhaust her administrative remedies under both 42 U.S.C. § 405(g) and, to the extent she asserted such argument, under the Federal Tort Claims Act ("FTCA"). *Id*. at *2. We held that Pierce had made no allegation that she filed a tort claim with the Commissioner, as required by 42 U.S.C. §§ 405(g) and (h), prior to filing the instant suit. *Id*. Even had she done so, we held, § 405(g) does not contemplate money damages for any delay in awarding benefits under DIB and SSI; rather, it entitles claimants only to back payment of damages wrongfully withheld. *Id*. (citing *Marks v. U.S. Social Security Admin.*, 906 F.Supp. 1017, 1022 (E.D. VA 1995), *vacated in part on other grounds by Marks v. U.S. Social Security Admin.*, 92 F.3d 1180, 4th Cir. (1996). Pierce failed to bring any such claim. *Id*.

Further, even if Pierce were relying on the FTCA as a basis for relief, we rejected such claims. *Id*. As a threshold matter, we held that 42 U.S.C. § 405(h), the provision governing claims against the Commissioner, precluded the relief Pierce sought. *Id*. (citing § 405(h) ("No action against the United States, the Commissioner of Social Security or any office or employee thereof shall be brought under section . . . 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter."). *Id*. Finally, even if Pierce were permitted under the FTCA to bring a negligence and/or negligent infliction of emotional distress claim against the Commissioner, she had admitted that she did not first present such claims prior to initiating this litigation as required by law. *Id*. Moreover, this requirement was neither subject to waiver nor surmountable by amendment of the Complaint. *Id*. (citing *McNeil v. United States*, 508 U.S. 106, 111-12

(1993) (requirement that an FTCA claim be presented in writing to, and denied by, the agency cannot be waived); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (allowing FTCA suits to proceed by amendment "would render the exhaustion requirement meaningless"). Accordingly, we granted the Commissioner's Motion to Dismiss.

Pierce has neither requested reconsideration of this order nor appealed it to Seventh Circuit Court of Appeals. Instead, she commenced a new lawsuit on January 31, 2017, claiming that the denial of her tort claim was erroneous, and seeking monetary damages for the alleged "financial damage" and "emotional and mental anguish and physical damage" she allegedly had suffered. Compl. at 4.

The Commissioner moved for dismissal on April 7, 2017 [Dkt. Nos. 11 and 12 ("Def.'s Br.")]. Pierce responded on May 10, 2017 [Dkt. No. 13 ("Pl.'s Resp.")], and the Commissioner filed her reply on May 17, 2017 [Dkt. No. 15 "Pl.'s Reply"]. Thus, the Motion to Dismiss is ripe for ruling by the Court.

## **Relevant Legal Framework and Standard of Review**

It is well settled that a court's jurisdiction to adjudicate a plaintiff's claims must be established at the time the complaint is filed and at every stage of litigation. *Presier v. Newkirk*, 422 U.S. 395, 401 (1975). While a plaintiff may amend a complaint to cure defective jurisdictional allegations, no such permission applies in the case of substantial jurisdictional defects. 28 U.S.C. § 1653(g); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-32 (1989).

The Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citing *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001)).

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Hamer v. Neighborhood Housing Services of Chicago*, --U.S.--, 138 S.Ct. 13, 17 (2017) (internal citation omitted) (quoting U.S. Const. Art. III, § 1). Relevant here, Congress has provided that 42 U.S.C. §§ 405(g) and (h) alone provide the courts with jurisdiction to review cases arising under the Social Security Act. Section 405(g) states, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. 405 § (g). Section 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

**Discussion**

In her Motion to Dismiss for lack of subject matter jurisdiction, the Commissioner maintains that Pierce "seeks to relitigate" the same legal issues she raised in her previous lawsuit filed before our court, but fails to acknowledge the continued existence of the jurisdictional defects that plagued that suit.[2] Def.'s Br. at 2-3; *Pierce*, No. 1:16-cv-00609, 2016 WL 7373821 at *1-2. We agree that Pierce's claim takes issue with the denial of her tort claim without regard to the jurisdictional restrictions and, accordingly, we need not tarry long in disposing of her arguments.

The thrust of Pierce's complaint is that she should have succeeded on her tort claim because the Commissioner acted with gross negligence in adjudicating her case. Compl. at -12; Pl.'s Resp. at 1. Specifically, Pierce (again) contends that the Commissioner's alleged negligence "cause[s] damage and pose[s] a health risk to the general public." Pl.'s Resp. at 1. However, Pierce has failed to address the Commissioner's argument that neither 42 U.S.C. § 405(g) nor the FTCA provide the Court with jurisdiction to hear these claims. *Id.*; Def.'s Reply at 2.

As set forth above, 42 U.S.C. § 405(g) provides a Social Security claimant an avenue by which she may challenge a ruling by the Commissioner determining that she is not eligible for Social Security benefits. *See* Def.'s Mtn. at 5-6 (listing supporting case

---

[2] The Commissioner does not advance an argument that *res judicata* applies, and we do not invoke it here. When applicable, that doctrine applies to prevent a petitioner from re-litigating a prior complaint. *See Arizona v. California*, 530 U.S. 392, 412 (2000); *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 131 (7th Cir. 1996).

law). However, as noted by the Commissioner, even when liberally construed, as *pro se* complaints must be, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Pierce is not challenging a denial or wrongful withholding of SSI and DIB benefits; rather, as previously done, she is seeking money damages for an alleged delay in awarding such benefits. *Id*. at 6; Compl. at 5 ("It was well within the Defendant['s] ability to prevent the prolonged period, and object[ed] access of benefits. [. . . There was] financial damaged caused directly by this prolong[ed] period without access to benefits."); Pl.'s Resp. at 3 ("Plaintiff has [already] submitted argument that demonstrate[s] the TORT decision is in error.') (emphasis in original). The Commissioner is correct that § 405(g) does not contemplate the relief Pierce is seeking. Def.'s Br. at 5-7; Def.'s Reply at 2 (citing *Kenney v. Barnhart*, No. SACV 05-426 MAN, 2006 WL 2092607 at *5 (C.D. Cal. July 26, 2006) ("Section 405(g) does not contain a damages remedy . . . a claimant . . . may not ask for consequential damages resulting from the SSA's alleged incorrect benefits decision."); *see Cunningham v. Soc. Sec. Admin.*, No. 08-5108, 2009 WL 175076, at *2 (10th Cir. Jan. 27, 2009) (affirming district court's dismissal for lack of jurisdiction and noting that § 405(h) prohibited FTCA actions against the Commissioner related to the receipt of Social Security benefits); *Bass v. Colvin*, 650 Fed. Appx. 336, 337 n.2 (9th Cir. 2016) (affirming the district court's determination that it lacked jurisdiction to consider the petitioner's claims for damages and medical expenses).

Pierce's reliance on the FTCA as a basis for seeking damages due to the length of time between adjudication of her request for, and receipt of Social Security benefits is misplaced. Pl.'s Resp. at 1. Our prior dismissal of Pierce's first lawsuit specifically noted

7

that 42 U.S.C. § 405(h) precludes reliance on the FTCA as basis for jurisdiction over a claim arising out of a Social Security dispute. *Pierce*, No. 1:16-cv-00609, 2016 WL 7373821 at *2 (citing 42 U.S.C. § 405(h) ("[n]o action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1326 of Title 28, United States Code, to recover on any claim arising under this subchapter.")). Another district court within our circuit to have considered the issue reached the same conclusion. *Carter v. Social Security Field Office*, No. 02 C5526, 2004 WL 609316 at *4 (N. D. Ill. March 22, 2004). Thus, the Commissioner correctly maintains that we continue to lack jurisdiction over Pierce's claims.

In sum, while Piece has made clear that she was not awarded benefits as quickly as she would have liked, neither the FTCA nor 42 U.S.C. § 405(g) provides a remedy for the relief she requests. Because we lack jurisdiction over claim Pierce's claims and given our prior dismissal of, in essence, the same claims against the Commissioner, we dismiss her Complaint with prejudice.

## **Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. No. 11] is GRANTED. Final Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: _____4/27/2018_____                             _____
                                                        SARAH EVANS BARKER, JUDGE
                                                        United States District Court
                                                        Southern District of Indiana

8

**Distribution:**

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov

Laurel G. Pierce, *pro se*
510 West Hinshaw Drive
Nineveh, IN  46164